# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LOUIS J. AGUIRRE,**<br>Plaintiff,<br>vs.<br>**CLARK E. DUCART, ET AL.,**<br>Defendants. | CASE NO. 17-cv-06898-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS PORTIONS OF THE SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 52 |

Plaintiff Louis J. Aguirre brings this action against defendants Clark E. Ducart, D. Wilcox, D. Wells, J. Frisk, S. Burris, and Does 1-70 for deprivations of his civil rights under the Eighth and Fourteenth Amendments related to plaintiff's allegedly erroneous designation as a gang affiliate. (Dkt. No. 51 ("SAC").) Specifically, plaintiff alleges that defendants improperly validated him as an affiliate or associate of a "Mexican Mafia" prison gang, failed to review his gang status in a timely fashion, and inappropriately revalidated that gang status, resulting in plaintiff's improper detention in the Special Housing Unit ("SHU") and over-detention in prison in violation of his rights under the Eighth and Fourteenth Amendments. (*Id.* ¶¶ 18-194.) On November 27, 2018, the Court granted in part and denied in part defendants' motion to dismiss plaintiff's first amended complaint ("FAC") and afforded plaintiff leave to amend. (Dkt. No. 47 ("MTD Order").) Plaintiff filed his second amended complaint ("SAC") on December 18, 2018. (SAC.)

Now before the Court is defendants' motion to dismiss portions of plaintiff's SAC for failure to state a claim under Rule 12(b)(6).[1] (Dkt. No. 52 ("MTD").) Having carefully

---

[1] The Court has reviewed the papers submitted by the parties in connection with defendants' motion to dismiss. The Court has determined that the motion is appropriate for decision without oral argument, as permitted by Civil Local Rule 7-1(b) and Federal Rule of Civil

considered the pleadings and the papers submitted, including multiple rounds of supplemental briefing, and for the reasons set forth more fully below, the Court hereby **GRANTS** defendants' motion to dismiss.[2]

## I. BACKGROUND

### A. Factual Background

The factual background giving rise to this action is well-known, and the Court will not repeat it here. (*See* MTD Order at 2-5 (summarizing plaintiff's allegations).) Relevant here, plaintiff's SAC contains the following allegations:[3]

On September 6, 2012, while plaintiff was housed in Corcoran SHU, plaintiff received his meal with all other inmates housed in the same section. (*Id.* ¶¶ 96-97.) After finishing his meal, plaintiff prepared to return his tray. (*Id.* ¶ 98.) Another inmate refused to return his tray and announced that he "represented the Southern Hispanic inmates, and that while all would return their trays, he was calling into question the placement of a 'PC' inmate in cell 55." (*Id.* ¶ 99.) Later, the officers "asked for the return of trays from a small number of cells and . . . failed to ask the occupants of any other cells for trays to be returned." (*Id.* ¶ 99.1.) An officer then incorrectly alleged that everyone housed in the same section participated in the inmate's demonstration and did so as a showing of gang loyalty. (*Id.* ¶ 101.) As a result, every inmate who was present during

---

Procedure 78. *See also Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991).

[2] In support of their motion to dismiss, defendants request judicial notice of plaintiff's petition for habeas corpus in the matter of *In re Aguirre*, Case No. S236310, and an order by the California Supreme Court denying that petition for habeas corpus in the same. (Dkt. No. 52-1 ("RJN").) The Court previously took judicial notice of these documents in its November 27, 2018 order, (*see* MTD Order at 1-2 n.2 (taking judicial notice of Dkt. No. 24-2, Exs. I, J)), and finds judicial notice appropriate here for the same reasons as stated in that order. Additionally, in support of plaintiff's opposition to defendants' motion, plaintiff requests judicial notice of the California Courts of Appeal, First Appellate District docket summary for Case No. A148584. (Dkt. No. 53 ("Opp.") at 1; *see also* Dkt. No. 53-2.) As this document is a matter of public record filed with the California Courts of Appeal, the Court **GRANTS** plaintiff's requests for judicial notice. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001) (noting "a court may take judicial notice of matters of public record" and documents whose "authenticity . . . is not contested" and upon which a plaintiff's complaint relies) (internal quotation marks omitted) (alterations in original).

[3] The Court includes previously alleged facts as well in order to provide context. The new allegations are underlined.

2

the demonstration, including plaintiff, received a Rules Violation Report ("RVR"). (*Id.*) Plaintiff did not refuse to return his tray and returned it when the correctional officer came to his cell to retrieve it. (*Id.* ¶ 102.) He did not speak to the inmate who engaged in the demonstration and was not aware that a protest would occur. (*Id.* ¶ 103.) Plaintiff challenged his RVR at a hearing, during which two correctional officers stated that they did not see plaintiff withholding his tray, but his appeals were ignored. (*Id.* ¶¶ 105-106.) The hearing officer improperly denied plaintiff the opportunity to present his witnesses in apparent violation of Section 3315 of the California Code of Regulations. (*Id.* ¶¶ 123A.1-6.) Moreover, it "was not possible to find by a preponderance of the evidence that plaintiff committed a serious rule violation during the tray incident on September 6, 2012, because there was not a scintilla of evidence that plaintiff committed misconduct during the incident." (*Id.* ¶ 123A.7.)

Defendants Burris and Frisk, who "were tasked with investigation of plaintiff's record and conduct in preparation for his 6-year review," then "caused plaintiff to be re-validated as [gang] associate" by determining that the RVR constituted evidence of gang-related conduct, even though they knew that plaintiff would almost certainly be re-validated and "had the time and opportunity to deliberate and knew or should have known that the incident . . . in the RVR stated no proof," the officers instead "sought to find something upon which to re-validate" plaintiff and "uncovered a minor and unproved event (the tray incident) in [p]laintiff's otherwise unblemished six-year history to justify the imposition of severe sanctions[.]" (*Id.* ¶¶ 123.1-123.4.)

In January 2015, plaintiff informed defendants that his six-year active/inactive gang status review date should be January 16, 2015, six years from the date of the last alleged gang activity, not October 2, 2015. (*Id.* ¶ 133.) On January 21, 2015, defendants acknowledged the error as well as the fact that the correct six-year review date was January 16, 2015. (*Id.* ¶ 134.) On February 4, 2015, plaintiff appeared before the Pelican Bay SHU Institution Classification Committee ("ICC") for his annual review, which resulted in retention of plaintiff's SHU status and notation of the error regarding plaintiff's six-year review. (*Id.* ¶ 135.) Subsequently, defendants re-validated plaintiff's status six times as a gang-affiliate, namely five times in 2015 (April 13, May 11, July 8, August 3, and September 30) and on January 26, 2016. (*Id.* ¶¶ 140-152.) In each instance, defendants chose to re-validate plaintiff despite knowing that the RVR, which served as

the foundation for revalidation, was "minor and without evidentiary support." (*Id.* ¶¶ 140.1, 142.1, 143.1, 145.1, 147.1, 151.1, 152.1.) Plaintiff appealed from these determinations, and the authors of the review decisions each denied plaintiff's appeal claiming that his release date was incorrect as a result of the use of the tray incident RVR to revalidate him. (*Id.* ¶¶ 149.1-149.3.) In March 2016, Pelican Bay SHU ICC released plaintiff from administrative SHU because plaintiff had not been found guilty of a SHU-eligible rule violation with a proven gang-nexus within the prior twenty-four months. (*Id.* ¶ 188.) Plaintiff was released from custody on August 14, 2016. (*Id.* ¶ 149.9.)

### B. Procedural Background

While incarcerated, plaintiff brought a number of petitions for a writ of habeas corpus based on the facts alleged in the SAC. He brought five such petitions to the California Supreme Court between November 14, 2011 and August 1, 2016 (*see* Dkt. No. 24-2, Exs. A, C, E, G, I), each of which the court denied. (*Id.*, Exs. B, D, F, H, J.) On October 12, 2016, the California Supreme Court denied plaintiff's final habeas petition as untimely. (RJN, Ex. B (citing *In re Robbins* 18 Cal.4th 770, 780 (1998)).)

Plaintiff filed his initial complaint in this action on December 3, 2017.[4] (Dkt. No. 1.) Defendants filed a motion to dismiss on February 7, 2018 (Dkt. No. 14), which the Court denied as moot on May 3, 2018 (Dkt. No. 23) following plaintiff's filing of his FAC on May 1, 2018. (*See* Dkt. No. 22.) Defendants then filed a motion to dismiss plaintiff's FAC on May 15, 2018. (Dkt. No. 24.) The Court denied in part and granted in part defendants' motion to dismiss on November 27, 2018. (MTD Order.) Specifically, the Court denied defendants' motion to dismiss with respect to plaintiff's claims of unlawful conditions of confinement and deprivation of procedural due process in violation of the Eighth and Fourteenth Amendments (*id.* at 7, 10-12), and granted defendants' motion to dismiss with respect to plaintiff's claims of over-detention in violation of the Eighth and Fourteenth Amendments, as well as deprivation of due process in

---

[4] On April 26, 2013, plaintiff, filed a Section 1983 action against Corcoran and Ventura County prison and jail staff for allegedly violating his due process rights by validating his status as a gang associate. *See Aguirre v. Gipson, et al*, Case No. 1:13-cv-604-DLB-PC; *see also* Dkt. No. 24-2, Ex. M. The court screened plaintiff's complaint pursuant to 28 U.S.C. Section 1915 and dismissed it without leave to amend for failure to state a claim. (Dkt. No. 24-2, Ex. N.)

4

violation of the Sixth Amendment. (*Id.* at 7-10.) The Court also afforded plaintiff leave to amend regarding his Eighth and Fourteenth Amendment over-detention claims but cautioned that the "briefing [did] not suggest that plaintiff can allege facts which will overcome the legal bars noted" and instructed plaintiff that he may file an SAC regarding these claims only "to the extent that he can show that the duration of his sentence has already been invalidated or that despite the one-year delay in filing his initial complaint in the instant action, he diligently sought relief for his claim that defendants failed to timely conduct his inactive/active gang status review." (*Id.* at 9-10.) Plaintiff filed his SAC on December 18, 2018, portions of which defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on January 9, 2019. (*See* SAC; MTD.)

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim under Rule 12(b)(6) is proper if there is a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)). The complaint must plead "enough facts to state a claim [for] relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the facts alleged do not support a reasonable inference of liability, stronger than a mere possibility, the claim must be dismissed. *Id*. at 678-79; *see also In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (stating that a court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."). If a court dismisses a complaint, it should give leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## III. DISCUSSION

Plaintiff alleges that defendants erroneously validated him as a gang affiliate, resulting in improper SHU confinement and then failed to conduct, in a timely or meaningful fashion, a review

of plaintiff's inactive/active gang status, erroneously extending his SHU term. (SAC ¶¶ 208, 228). Plaintiff also alleges that due to his placement in SHU and designation as a gang affiliate, and as a result of a 2010 amendment to California Penal Code Section 2933.6(a), defendants denied him his right to earn good-time credits toward an earlier prison release and, as a result, he suffered over-detention in prison by approximately 16 months. (*Id.* ¶¶ 91-95, 194.) Accordingly, plaintiff alleges that as a result of defendants' actions he suffered, in violation of both the Eighth and Fourteenth Amendments: (A) over-detention, both in SHU and in prison generally, resulting in deprivation of his procedural and substantive due process rights; (B) improper gang validation resulting in deprivation of his procedural and substantive due process rights; and (C) unconstitutional conditions of confinement in SHU in violation of the Eighth and Fourteenth Amendments.[5] (*Id.* ¶¶ 205-30.)

### A. Over-detention Claims

In order to recover damages for an allegedly unconstitutional imprisonment, a plaintiff bringing a Section 1983 claim must prove that the underlying conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Section 1983. *Id.* at 487. This limitation, known as the *Heck* bar, applies whenever "state prisoners seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005).

When a state prisoner seeks, in a Section 1983 suit, damages for claims related to the duration of their confinement, as plaintiff does here, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or

---

[5] The Court notes that defendants do not move to dismiss plaintiff's claims of unlawful conditions of confinement in violation of the Eighth and Fourteenth Amendments or plaintiff's procedural due process claim under the Fourteenth Amendment with respect to his gang validation. (S*ee generally* MTD; *see also* Dkt. No. 56 at 2.) Accordingly, these claims survive.

6

sentence. *See id.*; *see also Heck*, 512 U.S. at 487. If it would so implicate, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. *Heck*, 512 U.S. at 487. *Heck* bars any Section 1983 suit which would necessarily demonstrate the invalidity of the confinement or its duration, no matter the relief sought or the target of the suit. *Wilkinson*, 544 U.S. at 81-82.

Despite amendment, plaintiff fails to allege facts sufficient to overcome the *Heck* bar. *See id.*; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that the *Heck* rule applied to a state prisoner who was seeking damages for unconstitutional deprivation of good-time credits, so long as the alleged constitutional violation would, if established, imply the invalidity of the deprivation of good-time credits). In its prior order, the Court noted that the "briefing [did] not suggest that plaintiff [could] allege facts which will overcome" the *Heck* bar and granted plaintiff leave to amend only "to the extent that he can show that the duration of his sentence has already been invalidated or that despite the one-year delay in filing his initial complaint in the instant action, he diligently sought relief for his claim that defendants failed to timely conduct his inactive/active gang status review." (MTD Order at 9-10.) Plaintiff has not so done. The SAC does not allege or otherwise demonstrate that the duration of his sentence has already been invalidated through reversal on direct appeal, expungement by executive order, declaration of invalidity by a state tribunal authorized to make such determination, or issuance of a writ of habeas corpus. *See supra* I.A. (enumerating the additional allegations included in plaintiff's SAC); *see also Heck*, 512 U.S. at 486-87. Nor has plaintiff demonstrated that he diligently sought relief for his claims such that his complaint, filed well over a year after his release from prison, constituted an effort to "*immediately* pursue[] relief after the incident giving rise to [his] claims" necessitated by "the shortness of his prison sentence." *Guerro v. Gates*, 442 F.3d 697, 705 (9th Cir. 2006) (citing *Nonnette v. Small*, 316 F.3d 872, 874-77 (9th Cir. 2002) (clarifying the Ninth Circuit's holding in *Nonnette* regarding the application of the *Heck* bar to claims of a plaintiff not currently in custody) (emphasis supplied).

Instead, plaintiff once again argues that *Heck* does not bar his Section 1983 claims related to over-detention because he is no longer incarcerated and therefore cannot file a writ for habeas corpus challenging the duration of his incarceration. (*See* Opp. at 4-5 (citing *Nonnette*, 316 F.3d

7

872 (9th Cir. 2002)).) For the reasons stated in the Court's prior order, the Court reaffirms its previous decision that *Heck* bars plaintiff's claims of over-detention in violation of the Eighth and Fourteenth Amendments.[6] (*See* MTD Order at 8-10.) Accordingly, the Court **GRANTS** defendants' motion to dismiss these claims and **DISMISSES WITH PREJUDICE** plaintiff's claims of unconstitutional over-detention in violation of the Eighth and Fourteenth Amendments.

### B. Prison Gang Validation Claims

#### 1. Violation of the Eighth Amendment

Plaintiff's second claim for "Deprivation of Constitutional Rights – STG Validation and Overdetention – Substantive Due Process – Eighth/Fourteenth Amendments" appears on its face to include an allegation of violation of the Eighth Amendment.[7] (*See e.g.*, SAC ¶ 217 (alleging

---

[6] Plaintiff's argument in the most recent round of supplemental briefing, that the settlement in *Ashker v. Governor of the State of California*, Case No. C-09-05796-CW ("*Ashker*") brought plaintiff's over-detention claims "outside the 'core of habeas' under *Nettles v.* Grounds, and therefore mooted any underlying habeas claim, rendering *Heck* inapplicable, fails. (Dkt. No. 63 ("Pl. Apr. Sub.") at 2 (citing *Nettles*, 830 F.3d 922 (9th Cir. 2016) (*en banc*)). As a preliminary matter, the Court notes that the majority of plaintiff's submission bears a striking similarity to Judge Friedland's dissent in *Santos v. Holland*. No. 17-16271, 2019 WL 460450, at *4 (9th Cir. Feb. 6, 2019) (Friedland, J., dissenting). The procedural posture of this dissenting opinion on which plaintiff relies heavily is of a habeas petition and therefore does not speak to the applicability of the *Heck* bar or the retroactive impact of the *Ashker* settlement. *Id.* at *4-5. Moreover, in *Santos* Judge Friedland dissented from the majority's finding of habeas jurisdiction. Judge Friedland argued that in light of the *Ashker* settlement Santos, who had been released from SHU during the course of his appeal from the district court's decision, *id.*, at *1, would only be "return[ed] to SHU" if he "commit[ed] some new violation to justify such confinement." *Id.* at *4. Judge Friedland averred that "because there must be an added reason [to return Santos to SHU], prison officials have at least some discretion over whether to return Santos to SHU," despite his gang validation. *Id.* Therefore, Friedland reasoned, such a return was speculative and discretionary, which cannot form the basis of a habeas claim. *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 9-14 (1998). Thus, because Santos' only remaining interest in avoiding gang validation is to avoid "the extra monitoring it causes him to endure, his claim is not within the 'core of habeas' defined by" *Nettles*. *Id.*

Here, plaintiff seeks to redress his placement and retention in SHU. *See, generally*, SAC; *c.f. Santos*, 2019 WL 460450, at *4 ("[E]ven though collateral consequences necessarily flow form Santos' validation in the form of increased monitoring, preventing Santos' challenge to his validation from being moot, placement in the SHU on that status alone is not one of those consequences."). Therefore, the basis of his claim is well within the 'core of habeas' defined by *Nettles*. 830 F.3d at 931.

[7] Defendants' attempt to dispose of the Eighth Amendment portion of plaintiff's second claim by averring that it is merely "styled" as such fails. (*See* Motion at 10 n. 2.) The Court considers the merits of a claim, not simply its heading. Moreover, defendants' attempt to argue, on the same page, that on the one hand, plaintiff does not state an Eighth Amendment claim because it is merely "styled" as such, and on the other hand that plaintiff's substantive due process claim under the Fourteenth Amendment is not available because it more appropriately arises under the Eighth Amendment. Defendants chameleon approach to briefing undermines both arguments.

that defendants conduct in validating plaintiff's gang status resulted in cruel and unusual conditions).) It is well-established that classification programs that pursue "important and laudable goals" and are instituted under the state's authority to operate correctional facilities do not violate the Eighth Amendment's prohibition against cruel and unusual punishment. *See Neal v. Shimoda*, 131 F.3d 818, 833 (9th Cir. 1997) (holding that classification program designed to treat and reduce recidivism of sex offenders is well within state's authority to operate correctional facilities and does not violate contemporary standards of decency); *see also Perkins v. Crum*, 476 Fed.Appx. 136, 137 (9th Cir. 2012) (holding that district court properly dismissed plaintiff's Section 1983 action alleging Eighth Amendment and due process violations in connection with his prison gang validation and placement in SHU because administrative segregation is within the terms of confinement ordinarily contemplated by a sentence). Moreover, the Ninth Circuit has explicitly held that "California's policy of assigning suspected gang affiliates to the Security Housing Unit is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates." *Bruce v. Ylst*, 351 F.3d 1283, 1287 (9th Cir. 2003) (citing *Munoz v. Rowland,* 104 F.3d 1096, 1098 (9th Cir. 1997)).

Additionally, the Ninth Circuit has found that misclassification does not inflict pain so as to rise to cruel and unusual punishment, in violation of the Eighth Amendment. *See Hoptowit v. Ray*, 682 F.2d 1237, 1255-56 (9th Cir.1982) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995); *Ramos v. Lamm*, 639 F.2d 559, 566-67 (10th Cir.1980), cert. denied, 450 U.S. 1041 (1981).

Because plaintiff does not, and cannot, allege that the classification policy pursuant to which defendants validated his gang affiliate status and assigned him to SHU violates the Eighth Amendment's prohibition on cruel and unusual punishment, the Court **GRANTS** defendants' motion and **DISMISSES WITH PREJUDICE** plaintiff's allegation as it applies to defendants' conduct in validating him as a gang associate allegedly in violation of his Eighth Amendment rights.

2. Violation of the Fourteenth Amendment – Substantive Due Process

The Due Process Clause of the Fourteenth Amendment prohibits the government from

---

(*See id.* at 10.)

9

depriving individuals of their life, liberty, or property, without due process of law. U.S. Const. amend. XIV, § 1. In general, it "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness—denial of procedural due process guarantees—or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective—denial of substantive due process guarantees. *See Cty. of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). Here, the Court only addresses the latter, as defendants concede they do not challenge plaintiff's claims of the former with respect to his gang validation. (*See* Dkt. No. 56.)

The substantive due process guarantee prevents the government from engaging in conduct that "shocks the conscience." *See id.* at 846-49 (discussing abusive conduct "that shocks the conscience" and violates the "decencies of civilized conduct"). "[C]onduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level." *Id.* at 840 (citing *Daniels v. Williams,* 474 U.S. 327, 331 (1986)). However, courts have been "reluctant to expand the concept of substantive due process because guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." *Glucksberg*, 521 U.S. at 720 (citation omitted). As such, "[i]f a constitutional claim is covered by a specific constitutional provision . . . the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Fontana v. Haskin*, 262 F.3d 871, 882 (9th Cir. 2001) (quoting *Cty. of Sacramento*, 523 U.S. at 843) (alterations in original). Defendants claim, given this fact pattern, that a substantive due process claim under the Fourteenth Amendment is not available, and in fact, precluded because it more appropriately arises out of the Eighth Amendment. (MTD at 10.)

The Eighth Amendment, in its prohibition of "cruel and unusual punishment," places restraints on prison officials, who may not, for example, use excessive force against prisoners. *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). "Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the unnecessary and wanton infliction of pain constitutes cruel and unusual

punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Defendants have not shown that plaintiff's substantive due process claims stemming from his gang validation constitute allegations of "unnecessary and wanton infliction of pain in penal institutions" with which the Eighth Amendment is "specifically concerned." *Id.* at 327. Each of the cases to which defendants point deal with allegations of infliction of pain. (*See* Motion at 10 (citing *Roberts v. Gonzalez*, No. CV 12-2044-JVS (DTB), 2013 WL 4663882, at * 8 (C.D. Cal. Mar. 5, 2013) (finding that the obligations of prison officials to take reasonable measures to guarantee the safety of prisoners and provide adequate medical care fall within the scope of the Eighth Amendment and therefore that plaintiff's claims of indifference to his medical needs properly arise out of the Eighth Amendment, not the Fourteenth)).)[8] Moreover, defendants do not provide any authority for their assertion that claims of substantive due process violations stemming from gang validation or other similar prison classification are precluded by the Eighth Amendment. (*See* Motion at 10-11.)

However, plaintiff's substantive due process claim related to his gang validation still fails. The Ninth Circuit has held that dismissal of a prisoner's substantive due process claims stemming from the defendants' alleged "refusal to release him from [SHU] as an inactive gang affiliate" was proper because the prisoner's "segregation from other prisoners, and the prison's definition of an active gang member, were rationally related to prison safety." *Ruiz v. v. Cate*, 436 Fed.Appx. 760, 761 (9th Cir. 2011); *see also Richardson v. City & Cnty. of Honolulu*, 124 F.3d 1150, 1162. Thus, the Court finds that plaintiff's substantives due process claims related to his gang validation, and re-validation, similarly fail because defendants' definition of an active gang member and process for so validating, as well as plaintiff's segregation from other prisoners, was rationally related to prison safety. *See Ruiz*, 436 Fed.Appx. at 761; *see also Bruce*, 351 F.3d at 1287 (internal citations omitted) ("California's policy of assigning suspected gang affiliates to the Security Housing Unit is not a disciplinary measure, but an administrative strategy designed to preserve order in the prison and protect the safety of all inmates.").

---

[8] *See also Windham v. Franklin*, No. CV 13-3004 SVW (JEM), 2014 WL 690043, at * (C.D. Cal. Feb. 20, 2014) (finding that plaintiff's "claims challenging [d]efendants' use of excessive force and their denial of humane conditions of confinement are properly brought under the Eighth Amendment, rather than the Fourteenth Amendment").

11

Because plaintiff does not, and cannot, allege that his validation as a gang affiliate violates the Fourteenth Amendment's substantive due process guarantee, the Court **GRANTS** defendants' motion and **DISMISSES WITH PREJUDICE** plaintiff's claim as it applies to his claim that the gang validation deprived him of substantive due process as afforded under the Fourteenth Amendment.

**IV. CONCLUSION**

For the foregoing reasons, the Court **ORDERS** as follows:

A. With respect to plaintiff's claims of violations of the Eighth and Fourteenth Amendments for his alleged over-detention, the Court **GRANTS** defendants' and **DISMISSES** these claims **WITH PREJUDICE.**

B. With respect to plaintiff's claims for deprivation of substantive due process related to his allegedly improper gang validation in violation of the Eighth and Fourteenth Amendment, the Court **GRANTS** defendants' motion and **DISMISSES** these claims **WITH PREJUDICE**.

As previously noted, the following of plaintiff's claims survive: (1) plaintiff's claim of procedural due process violation under the Fourteenth Amendment as it relates to plaintiff's gang validation; and (2) plaintiff's claim of unlawful conditions of confinement under the Eighth and Fourteenth Amendments.

By no later than **April 30, 2019** defendant shall file an answer to plaintiff's surviving claims. The Court **REFERS** the action to Magistrate Judge Robert M. Illman for a settlement conference. Additionally, the Court hereby **SETS** a compliance hearing for **Friday, May 17, 2019** on the Court's **9:01 a.m.** calendar, in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. By **Friday, May 10, 2019**, the parties shall file a joint schedule for the case.

This Order terminates Docket Number 52.

**IT IS SO ORDERED.**

Dated: April 8, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

cc: MagRef Email; Magistrate Judge Illman